# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NAEEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

**PRO SE / PLAINTIFF**

**VS.**

**MANIPAL EDUCATION AMERICAS, LLC**
ONE BATTERY PARK PLAZA, 33RD FLOOR
NEW YORK, NY 10004

**and**

**AMERICAN UNIVERSITY OF ANTIGUA-
COLLEGE OF MEDICINE, "AUA"**
ONE BATTERY PARK PLAZA, 33RD FLOOR
NEW YORK, NY 10004

**DEFENDANTS / RESPONDANTS**

**VERIFIED COMPLAINT FOR
DAMAGES, STATUTORY, PUNITIVE,
ACTUAL, FEES AND EXPENSES,
COSTS, AND OTHER RELATED
RELIEF**

**JURY TRIAL DEMANDED
12 JURORS**

Case: 1:19–cv–00240   (F-DECK)
Assigned To : Cooper, Christopher R.
Assign. Date : 1/29/2019
Description: Po Se Gen. Civil  (JURY)

COMES NOW, the Plaintiff(s) Naeem Betz complaining of the Defendant(s) and as follows;

**I.**                              **VERIFIED COMPLAINT**

### NATURE OF ACTION

1. Plaintiff(s), Naeem Betz, individually, hereby sues Defendant(s), Manipal Education

Americas, LLC., "Representative" for American University of Antigua College of Medicine

("AUA") American International College of Arts and Sciences – Antigua for violations of the

Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq.,

### ORIGINAL VERIFIED COMPLAINT
~ 1 ~

**II.**                **PRELIMINARY STATEMENT**

2. This is an action for damages and injunctive relief brought by Plaintiff(s) Naeem Betz against Defendant(s) Manipal Education Americas, LLC., "Representative" for American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences – Antigua for violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227(c)(5).

3. Upon belief and information, Plaintiff(s) contends that many of these practices are widespread for the Defendant(s). Plaintiff(s) Naeem Betz intends to propound discovery to Defendant(s) Manipal Education Americas, LLC., "Representative" for American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences – Antigua identifying all telephone numbers used / number of times called in placing or making telephone calls to consumers like Plaintiff Naeem Betz cellular telephone in direct violation of (TCPA) 47 USC § 227(c)(5), (FTC) National Do Not Call Registry.

4. Plaintiff(s) contends that the Defendant(s) have violated such laws by repeatedly harassing Plaintiff(s) by calling his wireless telephone number ending in 8063 which is registered on the (FTC) National Do Not Call Registry since April 22, 2012. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

**ORIGINAL VERIFIED COMPLAINT**
~ 2 ~

**III.**                          <u>**JURISDICTION AND VENUE**</u>

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA")

47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin.

Servs., LLC, 132 S. Ct. 740, 745 (2012).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action

may be brought in— (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated.

**IV.**                            <u>**PARTIES**</u>

7. Plaintiff(s), Naeem Betz, is a natural person and is a resident of the District of Columbia,

Washington which is the Federal District Capital of the United States of America.

8. Upon information and belief Defendant(s), Manipal Education Americas, LLC., is a business

operating as a management consulting company. The Company offers educational advice,

services, and management classes. Manipal Education Americas LLC is based in New York, New

York. Manipal Education Americas LLC., is the "Representative" for American University of

Antigua College of Medicine ("AUA") American International College of Arts and Sciences –

Antigua.

9. Upon information and belief Defendant(s) American University of Antigua College of

Medicine ("AUA") American International College of Arts and Sciences – Antigua. ("AUA")

leads the way in addressing the projected physician shortage, especially in the areas of primary

care, family medicine, and internal medicine. AUA world-class faculty places a premium on

**ORIGINAL VERIFIED COMPLAINT**
**~ 3 ~**

making themselves accessible to students and creating a learning environment in which hands-on training is the norm.

10. Upon information and belief Defendant(s) American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences – Antigua. ("AUA") offer students medical education which will begin on the beautiful Caribbean island of Antigua, which enables them a medical school with a strong Stateside presence. After building a strong foundation in Basic Sciences, students have the opportunity to interact with patients and hospital administrators at clinical sites throughout the United States and Canada.

11. Upon information and belief, is approved, accepted, recognized and accredited by the U.S. Department of Education, the New York State Education Department, the Medical Board of California, the Florida Department of Education, the Medical Council of India, UK's General Medical Council, and the Caribbean Accreditation Authority for Education in Medicine and other Health Sciences.

## V.           LEGAL BASIS FOR THE CLAIMS

12. The Federal Communications Commission plays a crucial role in helping consumers stop unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC provides clarity on the law, sets rules, takes enforcement actions, and provides resources for

**ORIGINAL VERIFIED COMPLAINT**
~ 4 ~

1  consumers.

# FC Federal
# Communications
# Commission

## Consumer Help Center

### Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.

*"See Attached Exhibit C – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

**ORIGINAL VERIFIED COMPLAINT**
**~ 5 ~**

14. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

15. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to

**ORIGINAL VERIFIED COMPLAINT**
**~ 6 ~**

make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

17. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

18. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity. In interpreting the TCPA, it should

**ORIGINAL VERIFIED COMPLAINT**
~ 7 ~

1  be borne in mind that "[t]he TCPA is a remedial statute that was passed to protect consumers from

2  unwanted automated telephone calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3d Cir.

3  2013),citing S. Rep. 102-178, at 5 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1972. The TCPA

4
   provides a private right of action for injunctive relief and damages. Id. § 227(b)(3). A text message
5
6  to a cell phone is a "call" for purposes of the TCPA. Campbell-Ewald Co. v. Gomez, 136 S. Ct.

7  663, 667 (2016).

8  **VI.**                          **FACTUAL ALLEGATIONS**

9   19. From October 15th,18th,19th 2018 to November 20th,21st, 2018, Defendant(s) Manipal
10
   Education Americas, LLC., "Representative" for American University of Antigua College of
11
12 Medicine ("AUA") American International College of Arts and Sciences – Antigua violated the

13 TCPA by calling Plaintiff(s) Naeem Betz cell phone 202-XXX-8063, "7" plus times from the

14 telephone number (212-661-8899), (917-940-4025),(646-790-4159). Defendant(s) Manipal

15 Education Americas, LLC., Representative for American University of Antigua College of
16
17 Medicine ("AUA") American International College of Arts and Sciences – Antigua has

18 demonstrated willful or knowing noncompliance with 47 USC § 227(c)(5) by calling Plaintiff(s)

19 Na'eem Betz wireless telephone number 202-XXX-8063 at least "7" plus times which is registered

20 on the National Do Not Call Registry (DNC) since April 22, 2012. Plaintiff(s) number, which is

21 assigned to a cellular telephone service and is charged for monthly telephone usage and other
22
23 communication services. These calls caused emotional damage, extra electricity usage, extra

24 battery usage and were a direct invasion of privacy to Plaintiff(s) Naeem Betz. The Defendant(s)

25 actions caused lost time, aggravation, and continued distress. Plaintiff(s) discovered after calling

26 one of the Defendant(s) number back at (646-790-4159) on December 26, 2018 at 8:39 am exactly

27 who was Manipal Education Americas, LLC., "Representative" for American University of

28
                          **ORIGINAL VERIFIED COMPLAINT**
                                      **~ 8 ~**

Antigua College of Medicine ("AUA") American International College of Arts and Sciences. The 19 minute 23 second telephone conversation Plaintiff had with the Defendant(s) Associate Director of Admissions call center representative Ms. Claire Karen Guerre was recorded by both parties. Plaintiff(s) was informed by the Defendant(s) Associate Director of Admissions customer call center representative Ms. Claire Karen Guerre who verified Plaintiffs wireless telephone number in their data base without Plaintiffs consent. Plaintiff repeatedly asked Associate Director of Admissions customer call center representative Ms. Claire Karen Guerre was Plaintiff wireless telephone number ever scrubbed against the National Do-Not-Call List in which she never answered the question. Plaintiff asked Ms. Claire Karen Guerre several times "How did Manipal Education Americas, LLC., Representative for American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences – Antigua, acquire PLAINTIFF CELL PHONE NUMBER IF NO PRIOR EXPRESS WRITTEN CONSENT OR EXPRESS CONSENT WAS NEVER GIVEN. Ms. Claire Karen Guerre alleged that there was some type of contact made online through some third party by internet searching or browsing, that is how Plaintiff cell phone number was collected or consent to being called. Plaintiff informed her by asking for the physical proof of such actions as Plaintiff never search any websites related to medical school or becoming a doctor Ms. Claire Karen Guerre replied by saying she would remove Plaintiff cell phone number from the telephone number ending in 8063 from Manipal Education Americas, LLC., "Representative" for American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences "AUA" internal dialing system or data base and Plaintiff(s) would not receive any more calls to his cell phone. Plaintiff had received five calls and two text messages totaling seven telephone calls. A text message to a

**ORIGINAL VERIFIED COMPLAINT**
**~ 9 ~**

1  cell phone is a "call" for purposes of the TCPA. <u>Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663,</u>

2  <u>667 (2016)</u>.

3     20. Plaintiff Naeem Betz is the regular carrier and private user of the cellular telephone assigned

4
5  the number ending in 8063. These calls caused emotional damage, extra electricity usage, extra

6  battery usage and were a direct invasion of privacy to Plaintiff(s) Naeem Betz by making the

7  telephone calls at issue in this Original Verified Complaint, Defendant(s) caused consumer

8  Plaintiff(s) Naeem Betz actual harm, including the aggravation, nuisance, and invasion of privacy

9  that directly accompanies the receipt of unsolicited and harassing cellular telephone calls.

10  Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C.

11
12  § 227(b)(1(A)(i). Plaintiff(s) Naeem Betz did not provide Defendant(s) with prior express written

13  consent or prior express consent to place calls to his cellular telephone.

14  *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade*

15  *Commission Verify@donotcall.gov to Plaintiff(s) Naeem Betz confirming cellular telephone*

16
17  *registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on*

18  *April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records*

19  *from Defendant(s) Manipal Education Americas, LLC., "Representative" for American*

20  *University of Antigua College of Medicine ("AUA") American International College of Arts*

21  *and Sciences – Antigua."See Attached Exhibit C - (FCC) Federal Communications*

22
23  *Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and*

24  *Robotexts."*

25     21. Upon information and belief the Defendant(s) never scrubbed Plaintiff(s) wireless telephone

26  against the TCPA established National Do-Not-Call List which also mandates all businesses that

27  place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R.

28

**ORIGINAL VERIFIED COMPLAINT**
**~ 10 ~**

§ 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id.

At §64.1200(d)(3),(6). The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

22. Upon and information and belief the Defendant(s) willfully and knowingly called Plaintiff(s) wireless phone "7" plus times from telephone number (917-940-4025), (646-790-4159) while never leaving a voicemail messages to identify the true nature of these illegal telephone calls. Defendant left two voicemails a three second and a seven second empty dead air or silence on Plaintiff cell phone. This type of behavior is consistent with the use of a ADAD technology better known as "ADAD" which stands for Automatic Dial Announcing Device.

23. Telemarketing Calls to "Do-Not-Call" ... "DNC" Numbers Prohibited – 47 USC 227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls.

24. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

The best part about DNC violations from the consumer perspective is that the Sixth Circuit Court of Appeals has held that damages under this section may be stacked on top of the TCPA 227(b) section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per

**ORIGINAL VERIFIED COMPLAINT**
~ 11 ~

call for violations of the cell phone prohibitions and the DNC provisions. Charvat v NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

25. TCPA Damages: According to the TCPA, as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages. If the court finds that the defendant willfully or knowingly violated the regulations under the TCPA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

26. The body of case law addressing the available damages for a Plaintiff(s) suing under a TCPA private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the plaintiff $500 per violation as required by the Act.

27. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of the facts that constitute the offense (knowing); at the prior interactions between the Plaintiff(s) and the defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the TCPA.

**ORIGINAL VERIFIED COMPLAINT**
**~ 12 ~**

28. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 U.S.C. § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the TCPA falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

29. Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3).

**ORIGINAL VERIFIED COMPLAINT**
**~ 13 ~**

30. The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

31. The list of the "7" plus "INCOMING" Cellular Telephone Calls placed by the Defendant(s) Manipal Education Americas, LLC., "Representative" for American University of Antigua College of Medicine ("AUA") American International College of Arts and Sciences – Antigua.

<u>212-661-8899</u>

1. Monday, October 15, 2018 at 3:28pm_TEXT MESSAGE / TELEPHONE CALL

2. Monday, October 15, 2017at 3:30pm_TEXT MESSAGE / TELEPHONE CALL

<u>917-940-4025</u>

3. Thursday, October 18, 2018 at 1:44pm _1:45pm TELEPHONE CALL / VOICEMAIL

4. Thursday, October 18, 2018 at 3:12pm _3:12pm TELEPHONE CALL / VOICEMAIL

5. Friday, October 19, 2018 at 2:16pm _TELEPHONE CALL

<u>646-790-4159</u>

6. Monday, November 21, 2018 at 9:39am_TELEPHONE CALL

7. Friday, November 20, 2018 at 4:21pm_ TELEPHONE CALL

*Calling a consumer who has asked not to be called potentially exposes a seller and telemarketer to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation. Violators will be subject*

**ORIGINAL VERIFIED COMPLAINT**
**~ 14 ~**

*to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per violation, as well as*
*injunctive remedies.*

**VII.**                                      **COUNT I**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**VIOLATIONS OF 47 U.S.C.§227(c)(5)**
**FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

32. Plaintiff(s) alleges and incorporates the information in paragraphs 1 through 41.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(c)(5)
by calling Plaintiff(s) Naeem Betz wireless telephone number 202-XXX-8063 that has been placed
on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff(s) number, which is
assigned to a cellular telephone service. Plaintiff(s) Naeem Betz has never consented in writing or
verbally to receive telephone calls from the Defendant(s) Manipal Education Americas, LLC.,
"Representative" for American University of Antigua College of Medicine ("AUA") American
International College of Arts and Sciences. The DNC provision is a powerful section of the TCPA
because it prohibits calls to both cell phone and residential lines, which are registered on the
federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an
ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the
DNC are prohibited.

34. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade*
*Commission Verify@donotcall.gov to Plaintiff(s) Naeem Betz confirming cellular telephone*
*registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on*
*April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from*
*Defendant(s) Manipal Education Americas, LLC., Representative for American University of*
*Antigua College of Medicine ("AUA") American International College of Arts and Sciences –*

**ORIGINAL VERIFIED COMPLAINT**
**~ 15 ~**

*Antigua. "See Attached Exhibit C – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts. "*

Consent or permission must be evidenced by a registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

35. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

36. Each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

37. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

**ORIGINAL VERIFIED COMPLAINT**
**~ 16 ~**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

38. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

39. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the FCC - National Do Not Call Registry.

40. Defendant(s) has committed "7" plus separate violations of 47 USC § 227(c) and Plaintiff(s) is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-42 constitute violations of section 47 U.S.C. § 227(c)(5).

41. The frequency of this unauthorized cellular telephone calls have facial plausibility that Plaintiff(s) Naeem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) is liable for their *unlawful* conduct and behavior. Assuming the truth of Plaintiff(s) factual allegations, the Court will find all claims to be facially plausible.

**ORIGINAL VERIFIED COMPLAINT**
~ 17 ~

IV.                          **PRAYER FOR RELIEF**

42. **WHEREFORE,** Plaintiff Na'eem Betz demands judgment for monetary damages against

the Defendant(s) Manipal Education Americas, LLC., "Representative" for American University

of Antigua College of Medicine ("AUA") American International College of Arts and Sciences –

Antigua ten thousand dollars for actual or statutory damages, punitive damages, attorney's fees and

costs and further relief as the Court deems just and proper.

X.                         **DEMAND FOR JURY TRIAL**

43. Plaintiff(s) hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 29th day of January, 2019.

XI.        **VERIFICATION OF COMPLAINT AND CERTIFICATION**
                        **(DISRTICT OF COLUMBIA)**

Plaintiff(s), Naeem Betz, states as follows:

I am the Plaintiff(s) in this federal civil proceeding.

I believe that this Original Verified Complaint is well grounded in fact and warranted by

existing law or by a good faith argument for the extension, modification or reversal of existing

law. I believe that this Original Verified Complaint is not interposed for any improper purpose,

such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a

needless increase in the cost of litigation to any Defendant(s), named in the Original Verified

Complaint. I have filed this Original Verified Complaint in good faith and solely for the purposes

set forth in it. Each and every exhibit I have provided which has been attached to this Original

Verified Complaint is a true and correct copy of the original.

**ORIGINAL VERIFIED COMPLAINT**
**~ 18 ~**

1  Except for clearly indicated redactions made by my Plaintiff(s) Naeem Betz where appropriate,

2  I have not altered, changed, modified or fabricated these exhibits.

3  Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under

4
5  penalty of perjury that under the laws of the United States of America that the

6  foregoing is true and correct. Executed on January 29th, 2019.

7

8                                              *Na'eem O Betz*
                                                  Naeem Betz
9  DATE: January 29th, 2019                   Plaintiff, In Propria Persona
10                                             ALL RIGHTS RESERVED

11

12  NAEEM BETZ
    4244 HILDRETH ST.SE
13  WASHINGTON, D.C. 20019-9998
    nobetzo@gmail.com
14
15  NAEEM BETZ
    P.O. BOX 15714
16  WASHINGTON, D.C. 20003-9998

17

18  XII.                    **CERTIFICATE OF SERVICE**

19  I hereby certify that on this 29th day of January, 2019 I filed the foregoing by CM/ECF System for

20  District Court for the District of Columbia which will then send a notification of such filing. I

21  further state under oath that I caused the forgoing, to be served on the parties listed below by

22  United States Postal Service postage prepaid as a courtesy, on the following:

23
24  I certify that a copy of the Verified Complaint will be served upon the Defendant(s), registered

25  agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

26

27

28
                        **ORIGINAL VERIFIED COMPLAINT**

1
2
**MANIPAL EDUCATION AMERICAS, LLC**
ONE BATTERY PARK PLAZA, 33RD FLOOR
NEW YORK, NY 10004

3
4
5
**AMERICAN UNIVERSITY OF ANTIGUA-COLLEGE OF MEDICINE, "AUA"**
ONE BATTERY PARK PLAZA, 33RD FLOOR
NEW YORK, NY 10004
**https://www.auamed.org/**

6
7
                                    *Defendant(s)*

8
9
10
11
DATE: January 29th, 2019

*Na'eem O Betz*
Naeem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORIGINAL VERIFIED COMPLAINT**
**~ 20 ~**